UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:25-cv-14432-LEIBOWITZ

**JOHN DOE**,

    *Plaintiff*,

v.

**EMPLOYMENT SCREENING SERVICES INC.**,

    *Defendant*.

_____/

**ORDER**

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Leave to Proceed Under a Pseudonym (the "Motion") [ECF No. 4], filed on December 10, 2025. Upon due consideration, the Motion [**ECF No. 4**] is **GRANTED**. The Court notes that Defendant has not yet been served. Once Defendant has been served, Defendant may challenge anonymity.

In the Motion, Plaintiff moves the Court for leave to proceed pseudonymously as a John Doe to protect against disclosure of his true name. [*See generally* ECF No. 8]. Plaintiff argues that because his criminal records have been expunged, being forced to identify himself in this proceeding would create "a public record linking his identity to Defendant's reporting of his criminal records." [*Id.* at 4]. Absent anonymity, Plaintiff would suffer great prejudice. [*See id.* at 4–7].

Rule 10 of the Federal Rules of Civil Procedure provides that "[e]very pleading" must "name all the parties[.]" Fed. R. Civ. P. 10(a); *see also In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) ("'Generally, parties to a lawsuit must identify themselves' in the pleadings." (quoting *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992))). Rule 10(a) "does not merely further administrative convenience—'it protects the public's legitimate interest in knowing all of the facts involved, including

the identities of the parties.'" *Id.* (alteration adopted) (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011)).  But this rule is not absolute; a party may proceed under a pseudonym "only in 'exceptional cases.'"  *Id.* (alteration adopted) (quoting *Frank*, 951 F.2d at 323).

Parties may proceed anonymously if they show "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Plaintiff B*, 631 F.3d at 1315–16 (quoting *Frank*, 951 F.2d at 323).  The test for a substantial privacy right involves three factors: "First, are the plaintiffs seeking anonymity challenging governmental activity? Second, will they be required to disclose information of the utmost intimacy? Third, will the plaintiffs be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution?" *Id.* at 1316.

The Court finds, subject to a possible later opposition by Defendant, that Plaintiff has shown that he has a substantial privacy right.  In this case, "'the issues involved are matters of a sensitive and highly personal nature,'" so that "the normal practice of disclosing the parties' identities 'yields to a policy of protecting privacy in a very private matter.'"  *Plaintiff B*, 631 F.3d at 1316–17 (quoting *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979)).

This is a case where Plaintiff alleges that Defendant, a consumer reporting agency, published an inaccurate consumer report of Plaintiff's expunged criminal records to Plaintiff's prospective landlord in violation of the Fair Credit Reporting Act.  [ECF No. 1 ¶¶ 1–3].  Plaintiff claims that a Florida court has expunged Plaintiff's criminal records.  [*Id.* ¶ 4; ECF No. 4 at 3].  Therefore, Plaintiff is entitled under Florida law to deny existence of those records.  [ECF No. 4 at 3 (citing *Farach v. Rivero*, 305 So.3d 54, 57 (Fla. 3d DCA 2019))].  Having Plaintiff identify himself will link his identity to Defendant's alleged improper reporting of his criminal records.  [*Id.* at 4].  Accordingly, Plaintiff's request to proceed under pseudonym is GRANTED.

Should Defendant, after being served, demand disclosure of Plaintiff's identity to defend against Plaintiff's claim, the parties may file a motion or request a protective order.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion [**ECF No. 4**] is **GRANTED**.  For purposes of this action, Plaintiff shall proceed in pseudonym and the docket shall continue to reflect Plaintiff's name as John Doe.  Defendants may oppose the Motion if they wish once they are served and move the Court to lift the protections of anonymity.

**DONE AND ORDERED** in the Southern District of Florida on December 12, 2025.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:   counsel of record